## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MINNESOTA

Elaine L. Chao, Secretary of Labor,
United States Department of Labor,

                Plaintiff,                Civ. No. 04-4718 (JNE/JGL)
      v.                                          ORDER

Window Lite Home Improvements, Inc.,
James Lamoureaux, individually and as a
fiduciary of the Window Lite Home Improvements, Inc.,
SIMPLE IRA Plan, and Window Lite
Home Improvements, Inc. SIMPLE IRA Plan

                Defendants.

---

Janice L. Thompson, Esq., Office of the Solicitor, U.S. Department of Labor, appeared for Plaintiff.

No appearance for Defendants.

---

This case is before the Court on Plaintiff's motion for default judgment. Upon all files, records and proceedings herein, the Court makes the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

1.    Window Lite Home Improvements, Inc. (Window Lite) is a Minnesota corporation. Window Lite was at all relevant times the Plan Sponsor and the Plan Administrator of the Window Lite Home Improvements, Inc. SIMPLE IRA Plan (the Plan), a defined contribution plan that was established in January 2002.

2. James Lamoureaux is or was at all times relevant to this action the chief executive officer of Window Lite and a resident of Minnesota. Lamoureaux is the sole owner of Window Lite.

3. The Plan provided retirement benefits to the employees of Window Lite and allowed employees to make voluntary salary reduction contributions through payroll withholdings.

4. From January 7, 2002 through April 17, 2002 and also from March 5, 2003 through April 30, 2003, Window Lite and Lamoureaux did not timely remit employee contributions to participants' IRA accounts. Additionally, Window Lite and Lamoureaux did not remit employee contributions at all from May 1, 2002 through February 19, 2003. Window Lite and Lamoureaux withheld $30,718.26 from the paychecks of employees as elective salary deferrals for contributions to the participants' IRA accounts, but did not segregate the deferrals from Window Lite's general assets and did not remit the amounts so withheld into the participants' IRA accounts or repay the amounts so withheld to the employees.

5. In addition to the $30,718.26 that Defendants Window Lite and Lamoureaux failed to forward to the Plan, there are due lost opportunity costs and interest in the amount of $3,497.38 for the period from January of 2002 through December 3, 2004. These lost opportunity costs were calculated using an interest rate of 5%.

6. Window Lite ceased operations on or about December 2003.

7. Plaintiff filed her Complaint in this action on November 11, 2004.

8. Window Lite and Lamoureaux each waived service of summons and acknowledged receipt of the Complaint on November 29, 2004.

9. Defendants have failed to file and serve a response or Answer to the Summons and Complaint.

10. The Clerk of Court entered default against Window Lite and Lamoureaux for failure to plead or otherwise defend on February 23, 2005.

## CONCLUSIONS OF LAW

1. Plaintiff's cause of action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001, *et seq.*

2. The Court has jurisdiction over this action pursuant to 29 U.S.C. §1132(e)(1).

3. The Plan is a defined contribution pension plan within the meaning of 29 U.S.C. § 1002(3), and is, therefore, subject to the coverage of the Act pursuant to 29 U.S.C. § 1003(a).

4. Venue for this action lies in the District of Minnesota where the Plan was administered pursuant to 29 U.S.C. § 1132(e)(2).

5. Plaintiff is entitled to default judgment in her favor pursuant to Federal Rule of Civil Procedure 55(b)(2).

6. Defendants Window Lite and Lamoureaux permitted the assets of the Plan to inure to the benefit of an employer in violation of 29 U.S.C. § 1103(c)(1).

7. Defendants Window Lite and Lamoureaux failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of 29 U.S.C. § 1104(a)(1)(A).

8. Defendants Window Lite and Lamoureaux caused the Plan to engage in transactions that they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plan, in violation of 29 U.S.C. § 1106(a)(1)(D).

9. Defendants Window Lite and Lamoureaux dealt with assets of the Plan in their own interest or for their own account, in violation of 29 U.S.C. § 1106(b)(1).

10. Defendants Window Lite and Lamoureaux in their individual or other capacity acted in transactions involving the Plan on behalf of parties (or represented parties) whose interests were adverse to the interests of the Plan or the interests of its participants or beneficiaries, in violation of 29 U.S.C. § 1106(b)(2).

11. The Defendants Window Lite's and Lamoureaux's actions have resulted in losses to the Plan, which the Plaintiff is entitled to recover on behalf of the Plan. *See* 29 U.S.C. § 1109(a); *Roth v. Sawyer-Cleator Lumber Co.*, 61 F.3d 599 (8th Cir. 1995); *Donovan v. Bierwirth*, 754 F.2d 1049 (2d Cir. 1985).

12. Plaintiff is also entitled to permanent injunctive relief against Defendants Window Lite and Lamoureaux. The Court has broad authority to grant "equitable relief as the court may deem appropriate." 29 U.S.C. § 1109(a); *Martin v. Feilen*, 965 F.2d 660 (8th Cir. 1992).

**ORDER**

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's motion for entry of Defendants' default pursuant to Rule 55 of the Federal Rule of Civil Procedure [Docket No. 9] is GRANTED.

2. Defendants Window Lite and Lamoureaux shall restore to the Plan $30,718.26 for unremitted employee voluntary salary contributions, as well as $3,497.38 in lost opportunity costs and interest;

3. Defendants Window Lite and Lamoureaux shall undo any prohibited transactions in which they engaged or for which they are liable, including disgorgement of any profits derived therefrom;

4. Defendants Window Lite and Lamoureaux are permanently enjoined from violating the provisions of Title I of ERISA;

5. Nothing in this Order as to Defendants Window Lite and Lamoureaux is binding on any government agency other than the United States Department of Labor;

6. The United States Marshal shall cause a true copy of this judgment to be served on Defendants Window Lite and Lamoureaux;

7. Defendants Window Lite and Lamoureaux shall pay the costs of this action, including the United States Marshal's fees and expenses for service of a true copy of this judgment.

8. The Complaint as to Window Lite Home Improvements, Inc. SIMPLE IRA Plan, which was named as a defendant under Federal Rule of Civil Procedure 19(a) solely to obtain complete relief, is hereby dismissed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  May 24, 2005

  S/ Joan N. Ericksen
Joan N. Ericksen
United States District Judge